ZENO B. BAUCUS
JEFFREY K. STARNES
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
Email: Zeno.Baucus@usdoj.gov
       Jeff.Starnes@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. ANTHONY JAMES CROSS, Defendant. | CR 23-101-BLG-SPW  SENTENCING MEMORANDUM |
|---|---|

## INTRODUCTION

Anthony Cross threatened to physically harm elected officials and their families. He did so in a public manner and, in the process, contributed to an increasing climate of fear, distrust, and anger. He should be sentenced accordingly.

1

## PROCEDURAL SUMMARY AND OVERVIEW

In September 2023 Cross was named in a two-count Indictment. Charged with Threats to Injure and Murder a United States Senator (Count 1) and Threats Against the President (Count 2), in violation of 18 U.S.C. §§ 115(a)(1)(B) and 871(a), respectively, Cross ultimately ended up pleading to Count 1 pursuant to plea agreement.

The Pre-Sentence Investigation Report has determined that Cross is a criminal history category I and a total offense level of 17. PSR ¶ 83. As such, his recommended guideline range is 24 to 30 months. *Id*. The United States intends to dismiss Count 2 at sentencing and there are no objections to the PSR.

## OFFENSE CONDUCT

On April 17, 2023, Senator Tester's office received voicemails containing direct threats to the Senator and his family. The voicemails, which also contained expletives, included threats that the caller was going to, among other things, "kill every single one of your fucking family" and that they would experience a "horrendous death." PSR ¶ 9. One of those voicemails also included allegations that President Biden sexually abused children. PSR ¶ 10.

Law enforcement was able to connected the phone number that left the voicemails to Cross. Cross lived in Billings and had historical interactions with law enforcement. PSR ¶ 11. A review of Cross's social media activity led to some

distributing content. Indeed, on April 25, 2023, Google reported to law enforcement several comments attributable to Cross reflecting direct threats to kill the President and how "we are actively hunting down and killing any trans in our major cities." PSR ¶ 14. Cross also posted content. For example, a video posted by Cross appeared to show him approaching a man sleeping in a vehicle near Cross's residence and threatening to "show you right now[]" and how the man was "about to fucking lose your life, motherfucker." PSR ¶ 15.

When asked about his conduct during an April 26, 2023, interview Cross indicated that he was prone to memory lapses and, in part, blamed his brother's "ideology" for his conduct. PSR ¶ 17. He also cited previous injuries he had suffered that contributed to his conduct and that he had mental health issues. PSR ¶¶ 19-21.

## SENTENCING ARGUMENT

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;
- promote respect for the law;
- provide just punishment for the offense;

- afford adequate deterrence to criminal conduct;

- protect the public from further crimes of the defendant; and,

- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) sets forwards additional considerations for the Court when imposing an appropriate sentence. "[T]he nature and circumstances of the offense and the history and characteristics of the defendant" and the "kinds of sentences available" should be considered. 18 U.S.C. § 3553(a)(1),(3). The Court should similarly consider the sentencing guidelines and policy statements, as well as "the need to avoid unwarranted sentencing disparities." 18 U.S.C. §3553(a)(4),(5),(6). Finally, the Court should consider "the need to provide restitution to any victims of the offense." 18 U.S.C. §3553(a)(7). Here, a review of Cross's conduct and his history supports a high-end guideline range sentence. As such, the United States requests a custodial sentence of 30 months.

Cross's conduct was serious. As an initial matter, Cross targeted two separate public officials with his threats. And the threats were anything but benign. They contained details descriptions about how he was going to kill the President of the United States and a United States Senator. The threats involved members of their families and the threats was in direct response to Cross's belief of those officials' duties. Moreover, around this period Cross was also expressing

4

hateful speech with respect to certain segments of the population and, in some instances, his intent to physically harm them.

To casually dismiss Cross's words as mere hyperbole would be a mistake. As reflected in the PSR, there is evidence, including recent evidence, that Cross was prone to violence. He apparently posted a video in April 2023 in which he assaulted a man outside his residence. PSR ¶ 15. This incident pales in comparison to Cross's 2019 felony Criminal Endangerment conviction in which he threatened himself, his grandmother, and law enforcement while in possession of a shotgun. PSR ¶ 41. And in April 2023, on the heels of engaging in the conduct for which he stands convicted in this Court, Cross assaulted a woman with a firearm who had the audacity to walk her dog near his residence. PSR ¶ 46.[1]

Understandably, Cross cites his mental and physical issues, largely stemming from traumatic events in his past. Doc. 26 at 3. And to be sure, the United States does not discount that Cross has struggled from certain illness, including alcoholism. While these are factors the that the Court can and should consider in crafting an appropriate sentence, it does not materially discount the threat that Cross poses to society. In fact, it likely amplifies it. Given this, and the

---

[1] Cross requests that his sentence imposed in this matter run concurrent to this state action in DC-2023-525 in which he is charged with Assault with a Weapon, Doc. 26 at 4. Given the separate nature of this cause of action to the threats for which he has been convicted here, the United States contends that the sentences should run consecutive. *See* 18 U.S.C. § 3584(b).

based on the seriousness of the offense, the United States respectfully requests a sentence of 30 months.

DATED this 17th day of April, 2024.

TIMOTHY J. RACICOT
First Assistant United States Attorney
Attorney for the United States, Acting under
Authority Conferred by 28 U.S.C. § 515


*/s/ Zeno B. Baucus*
ZENO B. BAUCUS
Assistant U.S. Attorney